| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

CIVIL MINUTES -- GENERAL

Case No.   **CV 07-6295-JFW (Ex)**                                                     Date:  September 10, 2008

Title:   Amir Cyrus Ahanchian -v- Xenon Pictures, Inc., et al.

**PRESENT:**

　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**              **ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　　None                                                                                      None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE LATE-FILED OPPOSITIONS TO MOTION FOR SUMMARY JUDGMENT AND MOTION FOR TERMINATING SANCTIONS [filed 9/5/08; Docket No. 77]

　　　　On September 5, 2008, Plaintiff Amir Cyrus Ahanchian ("Plaintiff") filed an Ex Parte Application for Leave to File Late-Filed Oppositions to Motion for Summary Judgment and Motion for Terminating Sanctions ("Application").  On September 8, 2008, Defendants CKRush, Inc., Sam Maccarone, and Preston Lacy (collectively, "Defendants") filed their Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving and opposing papers and the arguments therein, the Court rules as follows:

　　　　On August 28, 2008, Plaintiff filed an Ex Parte Application for an Order Continuing the Hearing Date of Defendants' Motion for Summary Judgment and Defendants' Motion for Terminating Sanctions and Contemporaneous Continuance of the Due Dates of Plaintiff's Oppositions and Defendants' Replies, in which he sought the same relief that he seeks in his current Application -- to extend the time he had to file his Oppositions to Defendants' Motion for Summary Judgment and Motion for Terminating Sanctions.  On September 2, 2008, the Court denied Plaintiff's August 28, 2008 Application on the grounds that he had failed to make the requisite showing of good cause.  Apparently not pleased with the Court's ruling, Plaintiff simply failed to timely file an Opposition to either of Defendants' Motions, and *now* seeks leave of the Court to file the Opposition late.

　　　　Because Plaintiff is seeking the same relief that he sought in his August 28, 2008 Application, it can be construed by the Court as a motion for reconsideration pursuant to Rule

60(b).[1]  Pursuant to Rule 60(b), the Court may grant relief from a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .." Fed. R. Civ. P. 60(b)(1).  However, an "inadvertent mistake" of counsel is not sufficient grounds to vacate a judgment pursuant to Rule 60(b)(1).  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993).  "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law or the applicable rules of court." *Id.* at 357. *See also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel.  This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct.  Such mistakes are more appropriately addressed through malpractice claims.").

In this case, other than unexplained "technical computer circumstances beyond control" of Plaintiff's counsel, the only reason for failing to timely file Oppositions to Defendants' Motion for Summary Judgment and Motion for Terminating Sanction is that she erroneously believed that the Oppositions were due September 4, 2008.  However, this sort of calendaring error is the type of "inadvertent mistake" that is not entitled to relief pursuant to Rule 60(b)(1).  *See, e.g., McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (holding that "out-and-out lawyer blunders-the type of action or inaction that leads to successful malpractice suits by the injured client-do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]").  Accordingly, Plaintiff's Application is **DENIED**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

[1] However, even if not construed as a motion for reconsideration, Plaintiff has failed to demonstrate the requisite good cause for the relief requested.